UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE R. WALLACE,

                Petitioner,

-vs-                                                Case No.  8:04-cv-1128-T-17MSS

DON GLADISH, et al.,

                Respondents.
_____/

## **ORDER**

This cause is before the Court on Petitioner Wallace's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Wallace challenges his conviction and sentence entered by the Circuit Court for the Thirteen Judicial Circuit, Hillsborough County, Florida.  Respondent filed a response to the petition on May 5, 2006.  Petitioner did not file a reply.

Background

On November 15, 2000, Wallace was charged by information with the offense of robbery. (Ex. 1). On March 26, 2001, a jury was selected to try the case. (Ex. 2). On that same date, prior to the selection of the jury, the information was amended to allege that Wallace had previously been convicted of grand theft once and petit theft twice. The following colloquy occurred with regard to the amendment:

> [Prosecutor]: I have amended the information as discussed previously with counsel, and I believe I signed it. I am also tendering to the clerk at this time certified copies of conviction for the defendant case number 00-11836, that being for grand theft convicted October 11, 2000, along with some other felonies. Petit theft and felony petit theft from July 19, 1999. There is, understanding there is a stipulation that I am doing this, and if the verdict were to come back for whatever reason for a petit theft it is understood that it would be a felony petit theft because of the requisite conditions. That's the understanding from counsel.
>
> THE COURT: Is that correct?
>
> [Defense counsel]: So stipulated.

(Ex. 2, p.4). The evidentiary portion of the trial occurred on March 28, 2001. (Ex. 3). On that date, Wallace was convicted of robbery, as charged. (Ex. 4).

Wallace pursued a direct appeal and his attorney, Anthony C. Musto, filed an initial brief raising one issue: Whether the trial court erred in denying a motion for judgment of acquittal. (Ex. 5). The State filed an answer brief on or about December 24, 2001. (Ex. 6). On May 17, 2002, the Second District Court of Appeal (Judges Parker, Casanueva, and Stringer) affirmed per curiam, without written opinion. (Ex. 7). See also Wallace v. State, 819 So. 2d 772 (Fla. 2d DCA 2002).

On or about November 21, 2002, Wallace filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. 9). In his motion, Wallace alleged that his trial counsel was ineffective for stipulating to the amendment to the information; that the prosecutor engaged in misconduct by stipulating with defense counsel to amend the information, that the trial court erred in allowing the amendment, and that he was denied due process, equal protection, the presumption of innocence, and the right to remain silent by the individual and collective actions of defense counsel, the prosecutor,

-2-

and the court. Wallace asserted that the amended information went to the jury. On January 29, 2003, the circuit court denied the motion. (Ex. 10). In denying relief, the court found that Wallace had failed to demonstrate the prejudice required in relation to his claim of ineffective assistance of counsel, that Wallace's claims of prosecutorial misconduct and trial court error should have been raised on direct appeal and were procedurally barred. The court further found that, based on the court's rulings on the first three claims, Wallace was not entitled to relief on his fourth claim. On June 18, 2003, the Second District Court of Appeal (Judges Fulmer, Silberman, and Kelly) affirmed the denial per curiam, without written opinion. (Ex. 11). See also Wallace v. State, 851 So. 2d 166 (Fla. 2d DCA 2003). Mandate issued on July 30, 2003. (Ex. 12).

On August 19, 2003, Wallace filed a second motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. 13). In this motion, Wallace alleged that three of his prior convictions for theft were improperly amended into the information and provided to the jury. On November 20, 2003, the circuit court denied the motion as successive, and therefore, procedurally barred. (Ex. 14). Wallace appealed and, on April 23, 2004, the Second District Court of Appeal (Judges Salcines, Stringer, and Silberman) affirmed per curiam, without written opinion. (Ex. 15). See also Wallace v. State, 873 So. 2d 334 (Fla. 2d DCA 2004). Mandate issued on May 20, 2004. (Ex. 16).

Wallace timely signed the present federal petition on or about May 13, 2004. In his petition, Wallace asserts that he was denied his right to the presumption of innocence because the information charging him with robbery was amended to allege prior theft

convictions and was admitted into evidence and submitted to the jury.  A review of the record demonstrates that, for the following reasons, Wallace's petition will be **DENIED.**

Standard of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

DISCUSSION

Wallace alleges that he was denied his right to the presumption of innocence because the information charging him with robbery was amended to allege prior theft convictions and was admitted into evidence and submitted to the jury. This issue was raised in Wallace's state postconviction motion and was denied as procedurally barred because it could and should have been raised on direct appeal.

The federal court must dismiss those claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. Harris v. Reed, 489 U.S. 255 (1989). A petitioner can avoid the procedural bar by showing either cause and

prejudice, or by establishing a fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." See Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 478, 496 (1986). Wallace has established neither cause and prejudice nor a fundamental miscarriage of justice in this instance.

Moreover, Wallace's claim is without merit. At no time during the trial was the jury informed that Wallace had prior theft convictions and there is no indication in the record that the jury was given the charging document to review.

Accordingly, the Court orders:

That Wallace's petition is dismissed, with prejudice. The Clerk is directed to enter judgment against Petitioner and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 13, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lawrence R. Wallace